**LOWENSTEIN SANDLER LLP**
Jennifer Fiorica Delgado
Markiana J. Julceus
One Lowenstein Drive
Roseland, New Jersey 07068
646.414.6962
862.926.2707
jdelgado@lowenstein.com
mjulceus@lowenstein.com
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, EDWIN MALDONADO, PATRICK COLLIGAN, and PETER ANDREYEV,<br><br>Plaintiffs,<br><br>-v-<br><br>ACCUZIP, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES *1-10, fictitious names of unknown entities,*<br><br>Defendants. | Civil Action No. _____ |

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

**DISTRICT OF NEW JERSEY LOCAL RULE 10.1 STATEMENT**

The plaintiffs in this action are Atlas Data Privacy Corporation, Edwin Maldonado, Patrick Colligan, and Peter Andreyev.  The address for Atlas Data

Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.  The remaining individual plaintiffs' addresses are unknown to AccuZIP, Inc. ("AccuZIP" or "Defendant"), the defendant in this matter.  Plaintiffs are represented by: Rajiv D. Parikh and Kathleen Barnett Einhorn of Genova Burns LLC, 494 Broad Street, Newark, New Jersey 07012; and John A. Yanchunis of Morgan & Morgan, 201 N. Franklin Street, 7th Floor, Tampa, FL 33602.

The defendant in this action is AccuZIP, Inc.  The address for AccuZIP's principal place of business is 2450 S. Shore Boulevard, Suite 125, League City, Texas 77573.  Defendant is represented by Jennifer Fiorica Delgado and Markiana J. Julceus of Lowenstein Sandler LLP, 1 Lowenstein Drive, Roseland, New Jersey 07068.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AccuZIP by its undersigned counsel, hereby gives Notice of its removal of the above-captioned case from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey.

Removing Defendant appears for the purpose of removal only and for no other purpose.  By filing this Notice of Removal, the Removing Defendant does not waive,

expressly or impliedly, any right, defense, affirmative defense, or motion that may be available.  Removal is proper for the following reasons:

1. On February 9, 2024, Plaintiffs Atlas Data Privacy Corporation ("Atlas"), Edwin Maldonado, Patrick Colligan, and Peter Andreyev (together, the three "Individual Plaintiffs") filed the Complaint in this action in the State Court, Docket No. MON-L-000554-24 (the "State Court Action"), and mailed a copy of the same to AccuZIP's CEO at his personal residence on March 4, 2024.  Atlas purports to be the "assignee" of the claims of the three Individual Plaintiffs, as well as approximately 19,601 "Covered Persons" under New Jersey's Daniel's Law, N.J.S.A. 47:1A-1, et seq., and N.J.S.A. 56:8-166.1.

2. A copy of the complaint, summons, and initial discovery requests mailed to AccuZIP's CEO are attached hereto as **Exhibit A**.  A copy of the Track Assignment Notice is attached hereto as **Exhibit B**.

3. According to the Complaint, Plaintiff Atlas is a Delaware corporation with an office in Jersey City, New Jersey.  Upon information and belief, the Individual Plaintiffs are all residents of New Jersey.  For the purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiffs are thus citizens of Delaware and New Jersey, respectively.

4. Defendant AccuZIP is a Texas corporation with its principal place of business in League City, Texas. For the purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(a)(1), AccuZIP is thus a citizen of Texas.

5. The State Court Action contains one count, a claim under "Daniel's Law" (N.J.S.A. 47:1a-1, et seq; N.J.S.A. 56:8-166.1). Plaintiffs allege that AccuZIP failed to timely process requests to not "disclose" their addresses and/or unpublished telephone numbers, and therefore seeks a statutory penalty on behalf of each of its assignors. Atlas alleges it is entitled to recovery on behalf of more than 19,600 unnamed covered persons, including its claim of $1,000 in statutory damages for each such individual. Thus, with respect to the claims for actual/liquidated damages alone, Atlas claims an entitlement to damages of more than $19.6 million.

6. Plaintiffs allege that in addition to the statutory damages provided for under Daniel's law, they are entitled to injunctive relief in the form of an order that Defendant cease disclosure of the Individual Plaintiffs' information; punitive damages as provided for under Daniel's Law; attorneys' fees, interest, and litigation costs; a permanent injunction; and appointment of an independent compliance expert.

7. By reason of the factual allegations in the Complaint, and the nature of the claim under Daniel's Law asserted therein, the matter in controversy in the

State Court Action exceeds the sum or value of $75,000, exclusive of interests and costs.

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this suit is between citizens of different states and the amount in controversy, as reasonably appears from the Plaintiff's Complaint, exceeds $75,000.

9. The District of New Jersey is the proper venue for removal purposes pursuant to 28 U.S.C. § 1441(a) because the action is pending in the Superior Court of New Jersey, Law Division, located within the District of New Jersey.

10. Defendant files this Notice of Removal without waiving any objections, exceptions, defenses, or motions to Plaintiff's Complaint, including but not limited to, defenses based on improper service.

11. This Notice is timely filed in accordance with 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days after March 4, 2024, the date that AccuZIP was mailed the Complaint. This case has been on file for less than one year pursuant to 28 U.S.C. § 1446(b).

12. No other defendants besides AccuZIP have been named in this case.

13. Concurrently with the filing of this Notice of Removal, AccuZIP will provide notice of this Notice of Removal to Plaintiff and the Clerk of the Superior

Court of New Jersey, Law Division, Monmouth County, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant AccuZIP hereby gives notice that the State Court Action now pending in the Superior Court of New Jersey, Law Division, Monmouth County, has been removed therefrom to this Court.

## LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to District of New Jersey Local Rule 11.2, the undersigned counsel, on behalf of Defendant AccuZIP, Inc. certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

Dated: March 29, 2024

By: */s/ Jennifer Fiorica Delgado*
Jennifer Fiorica Delgado
Markiana J. Julceus
One Lowenstein Drive
Roseland, New Jersey 07068
646.414.6962
862.926.2707
jdelgado@lowenstein.com
mjulceus@lowenstein.com
*Attorneys for Defendant AccuZIP, Inc.*